**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN 297557)
ryan@kazlg.com
Aryanna Young, Esq, (SBN 344361)
aryanna@kazlg.com
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: 800-400-6808
Facsimile: 800-520-5523

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LYDIA COOK**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MIDLAND CREDIT MANAGEMENT**,<br><br>Defendant. | Case No.: **'24CV2342 BAS SBC**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE:**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff LYDIA COOK, individually and on behalf of all others similarly situated, allege against Defendant MIDLAND CREDIT MANAGEMENT ("Defendant") for violations of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices.

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive,

1

Complaint

deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. California's Legislature supplemented and buttressed the Fair Debt Collection Practices Act by passing the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA"). It enacted the Rosenthal Fair Debt Collection Practices Act to protect consumers from both creditors and debt collectors who seek to collect debts through illegal means of threats, intimidation, and coercion. *See* Cal. Civ. Code § 1788.1(1)(a) ("The Legislature makes the following findings . . . [u]nfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. There is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other

3. Plaintiff through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant, who unlawfully and abusively attempted to collect a debt allegedly owed by Plaintiff. Their conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint

Complaint

alleges violations of the FDCPA and RFDCPA in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

8. Plaintiff brings this lawsuit to challenge the actions of Defendant with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

9. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

10. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

11. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

12. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 for violations under 15 U.S.C. § 1692.

14. Defendant has sufficient minimum contacts with California and have otherwise

intentionally availed itself of the markets in California through the promotion, marketing, and sale of its products and services, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

15. Venue is proper in this District under 28 U.S.C. §1391(b)(2) and (3) because: (i) a substantial part of the events or omissions giving rise to these claims occurred in this District; (ii) Defendant is subject to the Court's personal jurisdiction with respect to this action because Defendant conducts business in this judicial district; and (iii) Plaintiff resides in this judicial district.

## PARTIES

16. Plaintiff is an individual and a resident of San Diego County, California.
17. On information and belief, Defendant, is a corporatee entity headquartered in San Diego.
18. This Court is the proper court because Defendant resides in its jurisdictional area, and the events complained of took place in San Diego County, California.

## FACTUAL ALLEGATIONS

19. Defendant is a "debt collector" under Cal. Civ. Code 1788.2(c) because they, through the ordinary course of business, regularly collect alleged debt from natural persons.
20. Plaintiff and members of the putative Class are "debtors" under Cal. Civ. Code 1788.2(h) because they are natural persons from whom a debt collector seeks to collect a consumer debt that is due and owing or alleged to be due and owing from such person.
21. On or about September 4, 2024, Defendant mailed Plaintiff the dunning letter.
22. The letter was for a debt that had already been paid off by Plaintiff.
23. The letter is very generic, leading Plaintiff to believe similar dunning letters were

4

Complaint

made to members of the Class.

24. Defendant violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Defendant's violations include, but are not limited to, the following:

    a. Defendant violated California Civil Code § 1788.11(f) by
        i. Sending a written communication to the person that does not display their California debt collection license number of the collector in at least 12-point type.

    b. Defendant also violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of an alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

    c. Through its conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's supposed debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

    d. Through its conduct, Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiffs' alleged debt, including Defendant's failure to report that Plaintiffs' debt is disputed. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

    e. The Rosenthal Act through Cal. Civ. Code § 1788.17 also incorporates 15 USC § 1692f which provides:
        i. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

     ii. By filing the Collection Lawsuit, Defendant used an unfair and unconscionable means to collect an alleged debt from Plaintiff in violation of 15 USC § 1692f and Cal. Civ. Code § 1788.17. Defendant also violated 15 USC § 1692f by attempting to collect an amount not authorized by law or agreement.

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. Plaintiff believes and thereon alleges that as a proximate result of Defendant's violations, Plaintiff has suffered severe emotional distress.

27. Defendant's tortious communication described *supra* caused Plaintiff harm including, but not limited to: violations of her statutory rights, statutory damages, has subjected her to annoyance, stress, confusion, stress, and disruption of her peace, and caused a nuisance.

28. Defendant's tortious communications are continuing in nature and will result in a multiplicity of suits and further injury to Plaintiff of a nature that cannot be adequately compensated by money damages.

29. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

30. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

## CLASS ALLEGATIONS

31. **Class Definition**: Plaintiff brings this action on behalf of itself and Classes of similarly situated individuals, defined as follows:

<u>The RFDCPA Class</u>

All persons with a physical address in the State of California who Defendant attempted to collect a debt from in writing and did not include Defendant's California debt collection license number.

The FDCPA Class
All persons with a physical address within the United States of America who Defendant. attempted to collect a debt from in writing and did not include Defendant's California debt collection license number.

32. The following people are excluded from the Class: (1) any Judge or Magistrate presiding, over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

33. **Ascertainability and Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, there are thousands of people in the Class, making joinder of each individual member impracticable. Additionally, the Class is ascertainable because its members will be easily identified through Defendant's records.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

35. **Typicality**: Plaintiff's claims are typical of the claims of all the other members of the Class. Plaintiff and the Class members sustained substantially similar damages

as a result of Defendant's uniform wrongful conduct, based upon the same interactions that were made uniformly with Plaintiff and the Class.

36. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

37. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

## COUNT I
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION

PRACTICES ACT
CAL. CIV. CODE § 1788, *ET SEQ.*
(By Plaintiff Individually And On Behalf of All Others Similarly Situated Against Defendant)

38. Plaintiff incorporates by reference and re-alleges the foregoing allegations as if fully set forth herein.

39. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40. Plaintiff believes and thereon alleges that as a proximate result of Defendant's violations, Plaintiff has suffered severe emotional distress.

41. Defendant's tortious communication described *supra* caused Plaintiff harm including, but not limited to: violations of her statutory rights, statutory damages, has subjected her to annoyance, stress, confusion, stress, and disruption of her peace, and caused a nuisance.

42. Defendant's tortious communications are continuing in nature and will result in a multiplicity of suits and further injury to Plaintiff of a nature that cannot be adequately compensated by money damages.

43. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

44. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendant's conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendant.

## COUNT II
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C § 1692, *ET SEQ.*
(By Plaintiff Individually And On Behalf of All Others Similarly Situated**

**Against Defendant)**

45. Plaintiff incorporates by reference and re-alleges the foregoing allegations as if fully set forth herein.

46. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1692 et seq.

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

48. The foregoing acts and omissions constitute numerous and multiple violations

49. of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

51. Plaintiff also alleges that to the extent that Defendant's FDCPA violations were done knowingly and willfully.

52. The violations of the FDCPA, 15 U.S.C. § 1692 et seq., described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## JURY DEMAND

53. Plaintiff hereby demands that this matter be tried before a jury under California Code of Civil Procedure section 631.

//

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment against Defendant as follows:

- Determining that this action is a proper class action, certifying Plaintiff as a class representative, certifying Plaintiff's counsel as class counsel, and designating this Complaint the operable complaint for class purposes;
- Awarding Plaintiff and all class members general, actual, and special damages in an amount to be determined at trial;
- Awarding Plaintiff and all class members statutory damages in an amount to be determined at trial pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b); 1788.62
- Awarding Plaintiff and all class members exemplary and punitive damages;
- Awarding Plaintiff and all class members such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the RFDCPA;
- Awarding Plaintiff and all class members reasonable attorney's fees in an amount to be proven at the time of trial according to proof, including those awarded pursuant to section 1788.30(c)(1) of the California Civil Code, section 1021.5 of the California Code of Civil Procedure and section 1942.4 of the California Civil Code, and for costs of suit;
- Declaratory judgment that Defendant violated the RFDCPA;
- Awarding Plaintiff and all class members actual damages against Defendant pursuant to Cal. Civ. Code § 1788.30(a);
- Awarding cost of suit and reasonable attorneys' fees against Defendant pursuant to the RFDCPA, Cal. Civ. Code § 1788.30(c);

- Awarding pre- and post-judgment interest pursuant to Cal. Civ. Code §§ 3288 and 3291; and
- Awarding any such other relief as the Court may deem just and proper.

Dated: December 16, 2024             **KAZEROUNI LAW GROUP, APC**

By: */s/ Ryan L. McBride*
Ryan L. McBride, Esq.
Attorney For Plaintiff, Lydia Cook